**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**HECTOR FRANCISQUINI ENCARNACIÓN**

    *Appellant,*

**v.**                                                    Civ. No. 25-cv-1229 (MAJ)

**BANCO POPULAR DE PUERTO RICO**

    *Appellee.*

**OPINION AND ORDER**

### I.      Introduction

This appeal arises from a Chapter 13 bankruptcy adversary proceeding filed in the United States Bankruptcy Court for the District of Puerto Rico. Hector Manuel Francisquini Encarnación ("Francisquini"), the bankrupt debtor, appeals an order granting summary judgment in favor of claimant Banco Popular and dismissing the adversary proceeding filed by Francisquini against Banco Popular.[1]

On appeal, Francisquini raises numerous proposed grounds for reversal. (**ECF No. 9 at 7–9**). For the reasons that follow, the Court **AFFIRMS** the ruling of the Bankruptcy court.

---

[1]      The same order denied Francisquini's motion for summary judgment. *See* Opinion and Order, *Francisquini-Encarnación v. Banco Popular de Puerto Rico, et al.*, No. 23-0057-EAG (Bankr. D.P.R. Jul. 13, 2023), Dkt. No. 48 at 11.

Civ. No. 25-1229 (MAJ)                                                                                        Page 2

## II.    Factual Background.[2]

On January 31, 2023, Francisquini filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico. *See* Chapter 13 Voluntary Petition, *In Re Hector Manuel Francisquini*, No. 23-00281-EAG13 (Bankr. D.P.R. Jan. 31, 2023), Dkt. No. 1. Ten proofs of claims were filed against Francisquini in the aggregate amount of $590,816.19. *See* Claims Register, No. 23-00281-EAG13. Shortly thereafter, Francisquini filed a related adversary proceeding against Banco Popular, a claimant in the Chapter 13 proceeding, requesting that Claims 4 and 5 be disallowed. *See* Complaint, *Francisquini-Encarnación v. Banco Popular de Puerto Rico, et al.*, No. 23-0057-EAG (Bankr. D.P.R. Jul. 13, 2023), Dkt. No. 1.[3]

Claim 4 relates to a $124,000.00 mortgage note Francisquini executed on September 30, 2004 (the "September 2004 Mortgage Note"). *Id.*, Dkt. 1 at 2; Dkt. 48 at 2. To secure the debt, Francisquini put up a parcel of real property as collateral, executing a mortgage deed to encumber the property with a lien ("Mortgage Deed 382"). *Id.* at Dkt. 48 at 2. The lien was duly recorded with the Property Registry. The mortgage note was later transferred to Banco Popular. After the initiation of the bankruptcy proceedings,

---

[2]    Under Rule 8014(a)(5) of the Federal Rules of Bankruptcy Procedure, a party that appeals an adverse ruling to a United States District Court must include in their appellant brief "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record[.]" Francisquini fails to observe this requirement. (**ECF No. 9**). The Court therefore looks to the facts presented in the responsive briefing filed by Banco Popular, (**ECF No. 12 at 11–14**), (**ECF No. 14 at 8–22**), as well as to the underlying adversary proceeding. Because Francisquini raises no challenge to the factual findings adopted on summary judgment below, the Court adopts those findings as fact on appeal.

[3]    The Complaint also requested that Claim 2 in the Chapter 13 proceeding be disallowed. *See Id.* On March 19, 2024, Francisquini's objections relating to Claim 2 were voluntarily dismissed. *See* Order, No. 23-0057-EAG (Bankr. D.P.R. Mar. 19, 2023), Dkt. No. 34.

Civ. No. 25-1229 (MAJ)                                                         Page 3

Banco Popular Claim 4 for the $69,877.29 outstanding under the September 2004 Mortgage Note. *Id.*

Claim 5 traces back to June 15, 2005, when Francisquini obtained two loans from Westernbank Puerto Rico in the aggregate amount of $360,000. To secure the debt, Francisquini executed three mortgage notes. In addition, to provide collateral for the debt, Francisquini executed three mortgage deeds that encumbered two parcels of real property with liens. The liens over the properties were duly recorded with the Property Registry. Banco Popular later acquired the mortgage notes. In 2020, Banco Popular filed an action against Francisquini in state court seeking collection of money and foreclosure. The court entered judgment in favor of Banco Popular. Based on that judgment, Banco Popular filed Claim 5 for the secured amount of $415,449.95.

Banco Popular moved for summary judgment on Claim 5 on *res judicata* grounds. Citing to a 2020 state court foreclosure proceeding between the parties, Banco Popular argued that Francisquini was foreclosed from raising arguments that either could have been or were litigated in the prior suit. *Id.* at Dkt. No. 39.

Francisquini later moved for summary judgment with respect to Claim 4. *Id.* at Dkt. No. 40. Banco Popular then filed a cross motion for summary judgment with respect to Claim 4. *Id.* at Dkt. No. 41.[4]

---

[4]    Under Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure "applies in an adversary proceeding." Fed. R. Bankr. P. 7056. Under Rule 56, summary judgment is warranted only when there is no genuine dispute as to any material fact and questions of law are all that remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021). As previously noted, Francisquini raises no challenge on appeal to the factual findings of the Bankruptcy court on appeal. *See supra* n.2.

Civ. No. 25-1229 (MAJ)                                                     Page 4

With respect to Claim 4, Francisquini raised two arguments as to why the Claim should be disallowed. First, Francisquini argued that a notarial defect in the September 2004 Mortgage Note rendered the note voidable. *Id.* at Dkt. No. 40 at 4 (citing P.R. Laws. Ann. tit. 4, § 2052). Second, Francisquini argued that Mortgage Deed 382 was null and void because the mortgagee's representatives failed to sign the deed. *Id.* (citing P.R. Laws. An. tit. 4, § 2092). Banco Popular disagreed, asserting that (1) there was no notarial defect in the September 2004 Mortgage Note, and (2) that Mortgage Deed 382 did not require the mortgagee's signature because it "was executed to secure the [September 2004 Mortgage Note] as an instrument negotiable by endorsement[.]" *Id.*, Dkt. No. 41 at 8.

With respect to Claim 5, Francisquini argued that (1) the prior state foreclosure action had no preclusive effect because the doctrine of *res judicata* no longer exists in Puerto Rico, (2) the mortgage deeds filed in support of Claim 5 were null and void because—as with Claim 4—the mortgagee's representatives had failed to sign the deeds, and (3) the mortgage notes supporting the claim were subject to a statutory bar under the Code of Commerce of Puerto Rico, P.R. Laws. Ann. tit. 10, § 1901. *Id.*, Dkt. No 45 at 18.

On April 4, 2025, the Bankruptcy court granted summary judgment in favor of Banco Popular as to each claim. *Id.*, Dkt. No. 48. Specifically, the court found that the doctrine of *res judicata* barred relitigation of any claims or issues related to Claim 5 that were or could have been raised in the prior state court foreclosure and collection action in which a final judgment had been entered against Francisquini. *Id.* at 8–9. The Bankruptcy court also rejected Francisquini's arguments regarding the statute of limitations, noting that the 20-year limitation period under the Puerto Rico Commercial Transactions Act applied to mortgage notes, not the three-year period under the Code of

Commerce. *Id*. at 9. Additionally, the court held that the mortgage notes and deeds supporting Claim 4 were properly executed and enforceable, including the notarial acknowledgments and the transferability of the notes by endorsement, and therefore were not voidable as alleged. *Id*. at 9–11. As a result, Claims 4 and 5 were allowed as filed. *Id*. at 11. Shortly thereafter, Francisquini initiated the instant appeal, appealing the Bankruptcy court's Opinion and Order granting Banco Popular's Motions for Summary Judgment and denying Francisquini's Motion for Summary Judgment. Francisquini also appeals the Bankruptcy court's order denying his Motion for reconsideration. *Id*. Dkt. No. 51.

### III.    Standard of Review

A district court may hear appeals from a final order that resolves an adversary proceeding in the Bankruptcy court. *See Vechioli-Cruz v. Santos-Onoda*, Civ. No. 23-1352 2024, 2024 WL 1477713, at *9 (D.P.R. Mar. 14, 2024); *Cousins Int'l Food, Corp.*, 565 B.R. 450, 458 (1st Cir. B.A.P. 2017). "On appeal, the district court reviews rulings of law de novo and findings of fact for clear error." *Vechioli-Cruz*, 2024 WL 1477713, at *3 (*citing Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir. 2010)). "The allowance or disallowance of a claim is . . . reviewed under the abuse of discretion standard[,]" as is review of the "Bankruptcy [c]ourt's decision to deny a motion for reconsideration of a previous order." *Id.* (citing *RNPM, LLC v. Mercado Alvarez (In re Mercado Alvarez)*, 473 B.R. 853, 859 (B.A.P. 1st Cir. 2012); *see also Rodríguez v. Banco Popular de Puerto Rico (In re Rodriguez)*, 516 B.R. 177, 183 (B.A.P. 1st Cir. 2014)). "The abuse of discretion standard is quite deferential[;]" however, "[a] court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous

Civ. No. 25-1229 (MAJ)                                                          Page 6

finding of material fact." *Vechioli-Cruz,* 2024 WL 1477713, at *3. (internal quotations and citations omitted).

This Court also applies the abuse of discretion standard to review the Bankruptcy court's decision to deny the motion for reconsideration. *See Rodríguez v. Banco Popular de Puerto Rico (In re Rodríguez),* 516 B.R. 177, 183 (B.A.P. 1st Cir. 2014). "Under an abuse of discretion standard, a reviewing court cannot reverse unless it  has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *In re Alvarado,* 463 B.R. 200 at 202– 03 (internal citations omitted). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Berliner v. Kusek (In re Kusek),* 461 B.R. 691, 696 (B.A.P. 1st Cir. 2011) (citing *Ameriquest Mortg. Co. v. Nosek (In re Nosek),* 609 F.3d 6, 9 n.4 (1st Cir. 2010)). Ultimately, the "abuse of discretion standard is quite deferential." *Vechioli-Cruz,* 2024 WL 1477713, at *3 (D.P.R. Mar. 14, 2024) (citing Berliner, 674 F.3d, 68 (1st Cir. 2012).

IV.    **Analysis**

    A.  **Proof of Claim 5**

With respect to Claim 5, Francisquini argues that the Bankruptcy Court improperly applied the doctrine of *res judicata* when it granted summary judgment in favor of Banco Popular. (**ECF No. 9 at 2**). For the reasons that follow, the Court disagrees. Because the

Civ. No. 25-1229 (MAJ)                                                    Page 7

application of *res judicata* to Claim 5 renders moot all other claims of error relating to Claim 5, the Court will not address those claims of error in detail.[5]

### i.  The continued existence of *res judicata* in Puerto Rico.

Francisquini argues that the Bankruptcy court erred by determining that the state foreclosure action bars his objections to Claim 5. Although the state foreclosure action decided that Popular could recover the balance owed on the notes that are the subject of this litigation, Francisquini contends that the doctrine of *res judicata* no longer exists under the laws of the Commonwealth of Puerto Rico. This argument is unavailing.

*Res judicata* provides that a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in a prior action. *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009). The doctrine derives from the full faith and credit clause of the United States Constitution. *Id.; see generally* Robert Wyness Millar, *The Premises of the Judgment as Res Judicata in Continental and Anglo–American Law: III. The Anglo–American Law*, 39 MICH. L. REV 238 (1940) (tracing the historical origins  of res judicata and stating that "[i]ts enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals."). Federal law requires federal courts to give state-court judgments the same preclusive effect that judgment would receive under the law of the state in which it was rendered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Because this court is called upon to

---

5        *See* (**ECF No. 9 at 7**) ("Second Issue" with respect to Claim 5; "Third Issue"); (**ECF No. 9 at 8**) ("Fifth Issue"); (**ECF No. 9 at 8–9**) ("Sixth Issue").

Civ. No. 25-1229 (MAJ)                                                    Page 8

determine the preclusive effect of a judgment entered by the Puerto Rico Court of First Instance, it is Puerto Rico law that supplies the rule of decision. *See Pérez–Gúzman v. Gracia*, 346 F.3d 229, 233-34 (1st Cir. 2003).

Francisquini argues that Article 1240 of the Civil Code of 1930 created the doctrine of *res judicata* under Puerto Rico law by codifying the elements of *res judicata*. P.R Laws. Ann. tit. 31 § 3343 (*repealed* 2020) (requiring identity of causes of action; identity of subject matter, and identity of parties). According to Francisquini, the Legislative Assembly of Puerto Rico effectively abolished *res judicata* by not including an identical provision anywhere in the 2020 Civil Code. (**ECF No. 9 at 9**). Therefore, Francisquini claims, the state court foreclosure judgment does not control the outcome of Claim 5.

This argument finds no support in law or common sense. Puerto Rico Courts have already established that *res judicata* was not abolished from the jurisdiction by the publication of a new Civil Code in 2020. *See Cruz Cruz v. Cruz Figueroa*, 2023 WL 2985825, at *6 (P.R. Cir. 2023); *Santiago Ruiz v. Municipio de San Juan*. 2023 WL 8615779, at *7–*8 (P.R. Cir. 2023) (holding that *res judicata* precluded a second identical suit for damages stemming from plaintiff's termination after a prior dismissal for lack of jurisdiction became final and involved the same parties and facts). Francisquini claims that *Santiago Ruiz v. Municipio de San Juan* "does not have the value of precedent." (**ECF No. 9 at 3–4**). While it is true that decisions from the Puerto Rico Court of Appeals do not set binding precedent, Appellant has failed to identify any persuasive or binding precedent to the contrary. Furthermore, the 2020 Civil Code does still reference *res judicata* elsewhere. *See* P.R. Laws. Ann. tit. 31 § 7131 (in the context of paternity and maternity actions); *Id*. § 1500 (stating that court settlements produce the effect of *res*

*judicata*). Moreover, *res judicata* is discussed several times in the Commentary of the 2020 Civil Code. *See, e.g.*, Official Comment of P.R. Laws. Ann 31 § 5653 (commenting with respect to legal incapacitation that "[i]t must be remembered that these processes are never affected by the doctrine of res judicata . . .").[6]

### ii. Applicability of Exceptions to *Res Judicata* under Puerto Rico law:

Appellant further contends that, even if *res judicata* still applies in Puerto Rico, he is entitled to the public interest exception recognized by the Supreme Court of Puerto Rico. This exception applies only in extraordinary circumstances where enforcement of the doctrine would undermine rights of paramount social importance. *See Pérez v. Bauzá*, 83 P.R. Dec. 222, 226 (P.R. 1961) (explaining that Puerto Rico courts have refused to inflexibly apply the defense of *res judicata* when doing so would defeat the ends of justice, especially if considerations of public policy are involved.); *Beníquez v. Vargas*, 184 P.R. Dec. 210 (P.R. 2012); *Pagán Hernández v. UPR*, 107 P.R. Dec. 720 (P.R. 1978); *Parrilla v. Rodríguez*, 163 P.R. Dec. 263 (P.R. 2004); *P.I.P. v. C.E.E.*, 120 DPR 580 (P.R. 1988). No such circumstances are present here. Appellant identifies no substantive public interest at stake and instead relies on conclusory allegations, which are insufficient to overcome the preclusive effect of a final judgment. To invoke this extraordinary doctrine, it is not sufficient to simply allege that a case is of public interest without establishing how the public would be negatively impacted. *Cf. Banco de la Vivienda de Puerto Rico v. Carlo Ortiz*, 130 P.R. Dec. 730 (P.R. 1992) (deciding that a bank's allegation that it held public funds is not enough to bring it under the public interest exception).

---

[6]    This is an official commentary of the 2020 Civil Code published in the Office of Legislative Services of the Legislative Assembly of Puerto Rico at https://www.oslpr.org/.

Appellant has not identified any fundamental right implicating a superior public interest of the kind recognized in the jurisprudence of Puerto Rico. This case concerns the enforceability of mortgage obligations that were the subject of a prior foreclosure action resulting in a final judgment on the merits. It is, at bottom, a private commercial dispute. Nor can it be said that Appellant was deprived of a meaningful opportunity to litigate. The record reflects that they were a party to the prior state court proceeding, was afforded due process, and that judgment was duly entered. (**ECF No. 9 at 45–46**); (**ECF No. 9 at 168–179**); *See Banco Popular de Puerto Rico v. Francisquini Encarnación*, No. CA2019CV04209, 2021 WL 5876801, (P.R. Cir. Nov. 17, 2021). There is no allegation of procedural irregularity. Appellant simply seeks a second opportunity to contest obligations already litigated. But that is exactly what res judicata exists to prevent. *Pérez v. Bauzá*, 83 P.R. Dec. 222, 225 (P.R. 1961) (noting that the doctrine of res judicata is itself premised on a public interest in the finality of litigation). The public interest exception to *res judicata* is an extraordinary remedy not warranted in this case. *Id.* at 226 (relaxing the requirements of the doctrine where the issues raised concerned fundamental constitutional rights and "the dignity of the person", in particular where the merits of the action were not previously adjudicated). Because Appellant had their day in court and litigated the merits of their claims, and because no paramount public interest is implicated, the doctrine applies with full force. *See Parilla v. Rodríguez*, 163 P.R. Dec. 263, 274 (P.R. 2004). The Bankruptcy court therefore correctly declined to set aside the preclusive effect of the judgment. Because *res judicata* bars the relitigation of matters

Civ. No. 25-1229 (MAJ)                                                                         Page 11

that were or could have been raised, Francisquini's other challenges to the disposition of Claim 5 require no further consideration.[7]

### B. Proof of Claim 4

With respect to Claim 4, Francisquini raises three issues. First, Francisquini argues that the Bankruptcy Court improperly applied Puerto Rico Notarial Law to the mortgage notes at issue in this litigation. (**ECF No. 9 at 7**). Second, Francisquini argues that the Bankruptcy Court erred when it purportedly applied an amended version of Puerto Rico Law 198-1979 not in force at the time of the execution of the mortgage deeds at issue in this litigation. (**ECF No. 9 at 8**). Third, Fransciquini argues that these errors constitute violations of the Fifth Amendment of the United States Constitution. (**ECF No. 9 at 9**). For the reasons that follow, the Court disagrees.

### i. Application of the Puerto Rico Notarial Law:

With respect to Claim 4, the Bankruptcy court ruled that the September 2004 Mortgage Note was valid. Francisquini argues that several alleged infractions of the Puerto Rico Notarial Law render the September 2004 Mortgage Note null and void. (**ECF No. 9 at 10–12**). Article 57 of the Notarial Law directs the notary to state either that they personally know the affiants, or that they have supplemented their personal knowledge of the affiant in the manner indicated in Article 17. P.R. Laws Ann. tit. 4 § 2092. Francisquini claims that the note and the mortgage deed contain inconsistent language concerning the notary public's acknowledgement of the affiant's identity. Appellant specifically highlights the fact that the note does not state that the notary personally

---

[7] *See* (**ECF No. 9 at 7**) ("Second Issue" with respect to Claim 5; "Third Issue"); (**ECF No. 9 at 8**) ("Fifth Issue"); (**ECF No. 9 at 8–9**) ("Sixth Issue").

knows the affiant or that he has identified him though the methods of identification provided in the notarial law. *See* P.R. Laws. Ann. tit. 4 § 2035. Rather, it merely states that the affiant was "identified as expressed also in said deed." (**ECF No. 9 at 10**). The mortgage deed, in turn, contained the Notary's certification that he "personally knows the appearing parties," *Id.* at 11, which is consistent with the requirements of Article 17 of the Notarial Law. P.R. Laws. Ann. tit. 4 § 2035.

Contrary to Appellant's argument, this discrepancy does not nullify the September 2004 Mortgage Note. *See Doral Bank v. Rivera Ramos*, 2013 WL 4073064 (P.R. Cir. May 24, 2013). Mortgage notes are negotiable instruments which fall under the umbrella of the Commercial Transactions Act. P.R. Laws Ann. tit. 19, § 5043. Said statute dictates that negotiable instruments must (1) be payable to bearer or to the order; (2) be payable on demand or at a definite time, and (3) not contain any undertaking or instruction other than the promise or order to pay money. P.R. Laws. Ann. 19, § 5043. Neither the Commercial Transactions Act nor the Notarial Law require that a mortgage note must be notarized to be valid. *See Doral Bank* at *6. Additionally, Section 2095 of the Notarial Act delineates the exclusive grounds upon which a testimony or statement of authenticity may be declared null. An acknowledgment is rendered null and void only if it (1) is not reported in the notary's monthly index submitted to the Office of the Notarial Inspector, (2) does not bear the notary's signature, or (3) is omitted from the notary's Registry of Affidavits. *See* P.R. Laws Ann. tit. 4, § 2095. Appellant does not argue any of these grounds.[8] Accordingly, the Court affirms the conclusions of the Bankruptcy Court.

---

[8]     Appellant's other arguments regarding the notarial law do not identify a cause for nullification under § 2095. *See* (**ECF No. 9 at 11–22**) (failure to include date of execution, improper certification of copies, lack of internal revenue stamps)

### ii. **Applicability of the Mortgage Law**

The Bankruptcy court held that Mortgage Deed No. 382 was valid under Mortgage Law 198–1979. The mortgage deed was executed on September 30th, 2004, and is therefore governed by Law 198-1979 (the "Mortgage Law"), which was in force at that time. *See Banco Popular de Puerto Rico v. Cintrón Yambó*, 2023 WL 6139580 (P.R. Cir. Aug. 17, 2023). Francisquini argues that the mortgage deeds at issue in this litigation were defective because they were not properly executed and lacked requisite signatures under Law 198-1979. (**ECF No. 9 at 8**).

In 2008, the legislature amended Law 198-1979. *See Act to amend Article 196 of Law 198-1979*, Act 95-2008. In the "Exposition of Motives"[9] section of the amendment, the legislature included the following language:

> Notarial practice has shown that in cases where mortgages are created to secure negotiable instruments transferable by endorsement, the appearance of the natural or legal person to whose order they are issued is not required. It is therefore advisable to amend Article 196 of the aforementioned Mortgage Law by adding a second paragraph to said Article, in order to *clarify* and avoid the existing *confusion* within the legal community regarding the distinction between a direct mortgage or one with a known creditor, and one that secures negotiable instruments.

*See* Exposition of Motives, Act to amend Article 196 of Law 198-1979, Act 95-2008 (emphasis added). Reading this language as "a codification of the accepted practice of the notarial law," the Bankruptcy court found that there was no "need to obtain the signature of the bank's representative in a mortgage deed securing a mortgage note transferable by

---

[9]     The Exposition of Motives is the background of a law. Courts in Puerto Rico look to it as an important resource to understand the meaning and purpose the legislator had in mind creating the statute. *See PUEBLO v. Munoz Noya*, 204 P.R. Dec. 745, 756 (P.R. 2020); *Pueblo en interes menores C.L.R. y A.V.L.*, 178 P.R. Dec. 315, 323, (P.R. 2010).

endorsement," and held that Francisquini had failed to identify a defect in the mortgage deeds at issue. Francisquini argues, on the other hand, that prior to the 2008 amendment, a mortgage deed would be void if the mortgagee's representatives did not sign it. Francisquini contends that relying on the language of the 2008 amendment, Law 95–2008, constitutes a retroactive application of law not in effect at the time the mortgage deeds were executed.

The Court agrees with the conclusion of the Bankruptcy Court that the 2008 amendment to Article 196 merely codified the existing state of law; relying on its language was not a retroactive application of the 2008 amendment. According to the legislature itself, the 2008 amendment was a codification of existing notarial practice, not a substantive change to the law: the amendment was intended to "clarif[y] and avoid [an] existing confusion[.]" *Id.* Moreover, Francisquini does not identify any legal authority that would support the contrary result. The Court therefore agrees with the Bankruptcy Court that the 2008 amendment did not impose new obligations nor harm vested rights; it merely clarified an existing notarial practice.

The Puerto Rico Supreme Court has looked to a statute's *Exposition of Motives* in order to determine whether a statute affects a substantive change in the law. *See Asoc. Maestros v. Depto. Educación*, 171 P.R. Dec. 640 (P.R. June 15, 2007). Specifically, the usage of the term "clarify" in a statute's Exposition of Motives generally indicates that a statute is not a substantive revision to the law, but a clarification of existing practice. *See Alamo Villegas v. Berríos Castrodad*, 2009 WL 5842146 at *7 (P.R. Cir. Aug. 14, 2009). The Exposition of Motives of the 2008 amendment makes it abundantly clear that it did not affect a change in the law with regard to this dispute. The Court thus finds that the

Bankruptcy Court did not apply the 2008 amendment to Franscisquini; it applied the law as it existed at the time the mortgage was executed. Francisquini has not identified any legal authority that would hold otherwise. The Court therefore concludes that Mortgage Deed No. 383 is valid despite lacking the signature of the bank's representative, consistent with statutory framework and accepted notarial custom. *See* P.R. Laws Ann. tit. 30, §§ 2001, 2615; P.R. Laws Ann. tit. 19, §§ 555, 509(c); cf. Art. 3 C.C., 31 L.P.R.A. sec. 3 (der.); Art. 9 C.C. 2020, 31 L.P.R.A. sec. 5323.

### iii.    Alleged Constitutional Violations of the Due Process and Takings Clauses:

Francisquini claims that the Bankruptcy Court violated the Fifth Amendment of the United States Constitution by "not following the procedures" established in Puerto Rico under the Mortgage Law and Notarial Law. (**ECF No. 9 at 9**). In other words, Francisquini argues that the grounds of appeal analyzed in the preceding sections of this Opinion and Order also give rise to an independent Fifth Amendment claim: according to Francisquini, he was "deprived of . . . property . . . without due process of law" when the Bankruptcy Court erroneously applied Puerto Rico law to grant summary judgment against him. U.S. Const. Amend. V. However, as the Court has explained, the Bankruptcy Court committed no such errors. Francisquini's assertion that the Bankruptcy Court's rulings violate the Fifth Amendment necessarily fails, therefore.[10] The Court accordingly finds that no constitutional violations took place.

---

[10]    Francisquini never argues that he was deprived of a full and fair opportunity to litigate his claims. Nor was he. The Court therefore need not address the requirements of making out a claim for a procedural due process violation under the Fifth Amendment.

### V. Conclusion

For the reasons set forth above, this Court finds no error in Bankruptcy court's granting of summary judgment in favor of Banco Popular as to each claim and denying Francisquini's motion for reconsideration. Accordingly, the Bankruptcy court's order granting summary judgment is **AFFIRMED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2026.

<u>*s/ María Antongiorgi-Jordán*</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**